ORIGINAL

FILED

2014 SE. 24 P 12: 04

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CV 14   80 270 MISC BLF

| | |
|---|---|
| *In Re* Request For Subpoena | Case No. |
| by RYANAIR LIMITED | **APPLICATION OF RYANAIR LIMITED FOR AN ORDER UNDER 28 U.S.C. § 1782 TO ISSUE A SUBPOENA FOR THE PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING** |

1.      Ryanair Limited ("Ryanair"), a limited liability company based in Dublin, Ireland, applies to this Court for an Order under 28 U.S.C. § 1782 to allow it to issue a subpoena for documents to third-parties Google, Inc. ("Google") and Twitter, Inc. ("Twitter").  Google provides, among other things, users with an email account.  Google is located in Mountainview, California.  Air-Scoop.com, a website which is operated by Global Wings Publications LLC ("Global Wings") has provided information indicating that it maintains a Google email account.

2.      Twitter is located in San Francisco, California.  Air-scoop.com maintains a twitter account with the handle @airscoop.

3.      The principal of Global Wings is Joachim Kleinert.  Ryanair seeks information concerning the whereabouts of Mr. Kleinert, so as to obtain enforcement of a judgment entered against him and Global Wings by the Dublin

Circuit Court in Ireland, in a lawsuit brought by Ryanair.  The grounds for Ryanair's application are fully set forth herein.

4.    Ryanair is an airline headquartered in Dublin, Ireland. Declaration of Yvonne Moynihan ("Moynihan Decl."), at ¶ 2).

5.    Global Wings is a corporation doing business in the United Kingdom and Germany owned by Joachim Kleinert. The company operates Air-Scoop.com, a website about the European airline industry. (*Id.* at ¶ 2).

6.    Siteground.com Inc., is a web hosting company, headquartered in Panama.  The company's website identifies the address of attorney David Snead at P.O. Box 48010, Washington, D.C., 20002, as its legal address in the United States. Siteground.com formerly hosted Air-Scoop.com. (*Id.* at ¶ 3).

7.    eNom, Incorporated, is a web hosting company incorporated in Nevada and registered to do business in Washington.  From January 3, 2014, enom.com, which is operated by eNom, Incorporated, hosted Air-scoop.com. (*Id.* at ¶ 4).

8.    On or about September 18, 2012, Ryanair filed suit against Global Wings, Air-Scoop.com and Joachim Kleinert in Dublin Circuit Court in Ireland. The suit stems from a report on Air-Scoop.com containing false information about Ryanair's safety and maintenance record.  The action is styled *Ryanair Limited v. Global Wings Publications LLC T/A Air-Scoop.com and Joachim Kleinert,* Record No: 2012/07907. (Moynihan Decl., at ¶ 5).

9.    Global Wings, Air-Scoop.com and Joachim Kleinert failed to appear in the action, despite multiple attempts to serve them and provide them with notice of the ongoing suit. (*Id.* at ¶ 6).  The Irish judicial system is similar to the US judicial system as far as rigorous service requirements. The court ultimately granted an order for service by electronic mail on Air-Scoop.com and by registered post to Mr. Snead, who represents Siteground.Com in the District of Columbia, as Mr. Snead agreed to pass on documents to Mr. Kleinert and Global Wings. (*Id.*; *See* Exhibit D, Order of the Dublin Circuit Court; Exhibit E, relevant excerpt from the Dublin

1    Circuit Court Docket).  Noting their failure to appear, on November 6, 2013 the

2    Dublin Circuit Court entered a default judgment in favor of Ryanair in the amount

3    of €40,000 for damages resulting from the publication of the false report, €10,000

4    for aggravated damages and awarding the company costs.  (*See* Exhibit F,

5    Judgment).  Ryanair now seeks to effectuate the judgment, but must locate Mr.

6    Kleinert and Global Wings.

7         10.   Air-Scoop.com, which is owned by Mr. Kleinert and his company

8    Global Wings, is hosted by eNom Incorporated, located in Washington state. (*See*

9    Exhibit C, domain registry information for Air-Scoop.com).  The United States

10   District Court, Western District of Washington entered an order granting Ryanair's

11   request to serve a subpoena on eNom in order to ascertain information regarding the

12   whereabouts of Mr. Kleinert.  Declaration of Shelley Hurwitz ("Hurwitz Decl.) at

13   ¶2. On or about August 6, 2014, eNom responded to that subpoena and provided

14   certain information regarding the domain Air-Scoop.com, including that it reported

15   its email address as airscoop@gmail.com. *Id.*

16        11.   Ryanair thus seeks to serve a subpoena on Google (which owns the

17   gmail.com email address) in order to ascertain any identifying information it has for

18   the user of the airscoop@gmail.com email address.   That information is

19   electronically stored and, therefore, easily retrievable. As a result, Ryanair seeks an

20   Order authorizing it to serve the subpoena attached to the [Proposed] Order filed

21   herewith as Exhibit 1 requesting that information from Google.

22        12.   Air-scoop.com maintains the twitter handle @airscoop.  Hurwitz Dec.,

23   ¶3. Ryanair thus seeks to serve a subpoena on Twitter, Inc. in order to ascertain any

24   identifying information it has for the user of the @airscoop handle. That information

25   is electronically stored and, therefore, easily retrievable.  As a result, Ryanair seeks

26   an Order authorizing it to serve the subpoena attached to the [Proposed] Order filed

27   herewith as Exhibit 2 requesting that information from Twitter.

28

**APPLICATION OF RYANAIR LIMITED FOR AN ORDER UNDER 28 U.S.C. § 1782 TO ISSUE A SUBPOENA TO THIRD PARTIES - PAGE 3**

13.     District courts are authorized under 28 U.S.C. § 1782 to order discovery in the United States, such as that sought by Ryanair here, for use in foreign proceedings.  Under the statute, applicants must meet three requirements:

(1)     the person from whom the discovery is sought must either "reside" or be "found" in the district where the action is being filed;

(2)     the discovery sought must be "for use in a proceeding in a foreign or international tribunal"; and

(3)     the applicant must be an "interested person."

28 U.S.C. § 1782; *In re Veiga*, 746 F.Supp.2d 8, 17 (D.D.C. 2010).

14.     The application filed by Ryanair meets all of these requirements.  First, Google is located in Mountainview, California, within the Northern District of California.  Twitter is located in San Francisco, within the Northern District of California.  Google and Twitter are therefore "found" in this judicial district as required by 28 U.S.C. § 1782(a).  Second, the information Ryanair seeks is for use in a civil matter in the Dublin Circuit Court, in Ireland, which is indisputably a proceeding before a foreign tribunal, as required by the statute.  *See In re Clerici*, 481 F.3d 1324, 1333 (11th Cir. 2007) (holding that the term "proceeding" as used in 28 U.S.C. § 1782(a) included postjudgment proceedings for discovery of judgment debtor's assets).  Third, as the plaintiff in the proceeding before the Dublin Circuit Court, Ryanair qualifies as an "interested party" for purposes of seeking this subpoena.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." (alteration in original)).

15.     Once the statutory requirements of 28 U.S.C. § 1782(a) are met, as they are in this case, the district court is called upon to exercise its discretion in allowing the requested evidence be taken.  *Intel*, 542 U.S. at 264.  *See also In re Veiga*, 746

1  F.Supp.2d at 17.   To aid the district courts in this determination, the United States

2  Supreme Court has enumerated four factors the court may consider, including:

3      (1)   Whether the person from whom the discovery is being sought is

4            a participant in the foreign proceeding;

5      (2)   The nature and receptivity of the foreign proceeding and the

6            character of the proceedings;

7      (3)   Whether the request is an attempt to circumvent foreign proof

8            gathering limitations; and

9      (4)   Whether the discovery sought is unduly burdensome.

10     *Intel,* 542 U.S. at 264-65.

11     16.    In this case, the four factors militate in favor of granting Ryanair's

12  application. First, Google and Twitter are not parties to the civil proceedings in

13  Ireland, and their evidence is therefore unavailable in that proceeding without this

14  Court's assistance. *Intel,* 542 U.S. at 264 (recognizing that "nonparticipants in the

15  foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence,

16  their evidence, available in the United States, may be unobtainable absent § 1782(a)

17  aid.").   Second, the nature and character of the proceedings in Ireland warrants the

18  court's assistance. *See In re Roebers*, C12-80145 MISC RS LB, 2012 WL 2862122,

19  at *3 (N.D. Cal. July 11, 2012) (recognizing the prior receptivity of Irish courts to

20  discovery acquired with the assistance of American courts); *In re Veiga*, 746

21  F.Supp.2d at 24 ("There being no authoritative proof that the [foreign tribunal]

22  would reject the discovery sought, this factor also weigh in favor of granting the

23  Applications.").    Third, the application is not an attempt to circumvent proof-

24  gathering restriction in the foreign proceedings, but rather a good-faith effort to

25  secure relevant evidence that is beyond the jurisdiction of the Dublin Circuit Court

26  in this case. (*Id.* at ¶¶ 5-6). Finally, the discovery requests are not unduly intrusive

27  or burdensome, as Ryanair seeks only that information necessary to locate Mr.

28  Kleinert and seek enforcement of the judgment before the appropriate tribunal.

APPLICATION OF RYANAIR LIMITED FOR AN ORDER
UNDER 28 U.S.C. § 1782 TO ISSUE A SUBPOENA TO
THIRD PARTIES - PAGE 5

1   Moreover, the information is not only within the possession, custody and control of

2   Google and Twitter, but it is also electronically stored and, therefore, easily

3   retrievable. As a result, it will not be unduly burdensome to respond to Ryanair's

4   subpoena. *See In re Veiga*, 746 F.Supp.2d at 26 (ordering discovery of electronically

5   stored information accessible from within the District of Columbia.).

6          17.    For these reasons, Ryanair respectfully requests that the Court issue an

7   Order authorizing Ryanair to serve the subpoenas attached as Exhibits 1&2 to the

8   [Proposed] Order filed herewith.

9

10  Dated:        September 23, 2014

11                                    HOLLAND & KNIGHT LLP

12

13                                    By:  Shelley Hurwitz/s

14                                         Shelley Hurwitz

15                                         *Counsel for Ryanair Ltd.*