UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE REQUEST FOR SUBPOENA BY RYANAIR LIMITED<br><br>Applicant. | Case No.: 5:14-mc-80270-BLF-PSG<br><br>**ORDER GRANTING APPLICATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING**<br><br>**(Re Docket No. 1)** |

Ryanair Limited has applied to this court for an order to obtain discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782(a). Ryanair seeks an order authorizing a subpoena to Mountain View-based Google, Inc. and San Francisco-based Twitter, Inc. for documents to be used in connection with a lawsuit adjudicated in the Dublin Circuit Court in Ireland. Ryanair alleged that a report was published on Air-Scoop.com containing false information about Ryanair's safety and maintenance record. Defendants Global Wings LLC, Air-Scoop.com and Joachim Kleinert—owner of Global Wings—failed to appear in the action, resulting in an entry of default judgment in favor of Ryanair.[1] Ryanair "seeks information concerning the whereabouts of Kleinert, so as to

---

[1] *See* Docket No. 1 at 1.

1

Case No.: 5:14-mc-80270-BLF-PSG
ORDER GRANTING APPLICATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING

obtain enforcement of [the] judgment."[2]  Ryanair asserts that Google and Twitter have relevant information because Air-Scoop has a Gmail account and a Twitter handle, suggesting that the entities have access to electronically stored information than may reveal Kleinert's whereabouts.[3]

## I. LEGAL STANDARD

"A district court may grant an application pursuant to 28 U.S.C. § 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person."[4] However, simply because a court has the authority under Section 1782 to grant an application does not mean that it is required to do so.[5]  The Supreme Court has identified several factors that a court should take into consideration in ruling on a Section 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.[6]

---

[2] *Id.* at 1-2.

[3] *See id.* at 3.

[4] 28 U.S.C. § 1782(a); *see also In re Republic of Ecuador*, Case No. 3:10-80225-CRB-EMC, 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010).

[5] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

[6] *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (citing *Intel*, 542 U.S. at 264-65).

## II. DISCUSSION

### A. Authority to Issue Subpoena

The court has reviewed Ryanair's application and has preliminarily determined that the statutory requirements have been satisfied. First, Google is located in Mountain View and Twitter is located in San Francisco, which are both in this district. Second, Ryanair represents that the discovery sought is for enforcement of a judgment issued by the Dublin Circuit Court in Ireland, which is undisputedly a "proceeding before a foreign or international tribunal" under Section 1782(a).[7] Finally, there can be no real dispute that Ryanair qualifies as an interested person because it is the party in whose favor the Dublin Circuit Court entered judgment.[8]

### B. Discretionary Factors

#### 1. Jurisdictional Reach of Foreign Tribunal

The Supreme Court has noted that,

> [w]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.[9]

In the instant case, Google and Twitter are not parties in the foreign proceeding. Further, Google and Twitter are not company residents in Ireland and, the requested information therefore does not appear to be within the immediate reach of the Dublin Circuit Court. This factor weighs in Ryanair's favor.

---

[7] *See* Docket No. 1 at 1; 28 U.S.C. § 1782(a).

[8] *See Intel*, 542 U.S. at 256 (stating that an interested person under Section 1782 "plainly reaches beyond the universe of persons designated 'litigant,'" although there is no doubt that "litigants are included among, and may be the most common example").

[9] *Id.* at 264.

### 2. Nature and Receptivity of Foreign Tribunal

Under the second discretionary *Intel* factor, district courts are encouraged to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance."[10] Ryanair argues that there is no authority suggesting the Irish government would be hostile to or otherwise reject discovery obtained through a Section 1782 subpoena.[11] Ryanair further argues that the Dublin Court would be receptive to the evidence because of how critical it is to enforce the court's judgment against Global Wings.[12] This factor also weighs in Ryanair's favor.

### 3. Attempt to Circumvent Foreign Proof-Gathering Restrictions and Policies

Although Section 1782 does not require the documents sought to be discoverable in the foreign courts, a district court may consider whether an applicant seeks in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."[13] Here, Ryanair represents that the subpoena application is "a good-faith effort to secure relevant evidence that is beyond the jurisdiction of the Dublin Circuit Court."[14] The court finds this factor to be neutral.

---

[10] *Id.*

[11] *See* Docket No. 1 at 5.

[12] *See id.*

[13] *Intel*, 542 U.S. at 260-63, 265.

[14] *See* Docket No. 1 at 5.

4
Case No.: 5:14-mc-80270-BLF-PSG
ORDER GRANTING APPLICATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING

### 4. Undue Intrusion or Burden

Ryanair seeks information necessary to locate Kleinert in order to seek enforcement of the Dublin Court's judgment.[15] Ryanair does not seek information related to the content of any communications sent from the Google or Twitter accounts.[16] Finally, Ryanair argues that the information is within the possession, custody and control of Google and Twitter and is electronically stored, making it easily retrievable.[17] This request does not appear to be unduly intrusive or burdensome, so this factor weighs in Ryanair's favor.

### III. CONCLUSION

Ryanair's application is GRANTED. Ryanair may serve the subpoena attached to its application,[18] without prejudice to any motion to quash that Google, Twitter or any other appropriate party may wish to file.

**IT IS SO ORDERED.**

Dated: October 9, 2014

*(signature)*
PAUL S. GREWAL
United States Magistrate Judge

---

[15] *See id.*

[16] *See id.*

[17] *See id.* at 6.

[18] *See* Docket No. 3.

5
Case No.: 5:14-mc-80270-BLF-PSG
ORDER GRANTING APPLICATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING