# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| *In Re* Request For Subpoena by RYANAIR LIMITED | Case No. 5:14-mc-80270-BLF-PSG<br><br>**APPLICATION OF RYANAIR LIMITED FOR AN ORDER UNDER 28 U.S.C. § 1782 TO ISSUE A SUBPOENA TO LINKEDIN CORPORATION FOR THE PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING** |

1. Ryanair Limited ("Ryanair"), a limited liability company based in Dublin, Ireland, applies to this Court for an Order under 28 U.S.C. § 1782 to allow it to issue a subpoena for documents to third-party LinkedIn Corporation ("LinkedIn"), located in Mountain View, California.

2. The court is respectfully requested to issue the subpoena in order to assist Ryanair's enforcement efforts to collect on a foreign judgment issued in Ireland. The court previously issued an order permitting Rynair to issue subpoenas to two other third parties. [ecf 6]. In doing so, the court found that the legal standard for issuance of a subpoena for use in a foreign proceeding had all been satisfied. [ecf 6]. The same standards are likewise satisfied in the instant application.

3. Air-Scoop.com is a website which is operated by Global Wings Publications LLC ("Global Wings").

4. The principal of Global Wings is Joachim Kleinert. Ryanair seeks information concerning the whereabouts of Mr. Kleinert, so as to obtain enforcement of a judgment entered against him and Global Wings by the Dublin Circuit Court in Ireland, in a lawsuit brought by Ryanair. The grounds for Ryanair's application are fully set forth herein.

5. Ryanair is an airline headquartered in Dublin, Ireland. (Declaration of Yvonne Moynihan ("Moynihan Decl."), at ¶ 2).

6. Global Wings is a corporation doing business in the United Kingdom and Germany owned by Joachim Kleinert. The company operates Air-Scoop.com, a website about the European airline industry. (*Id.* at ¶ 2).

7. Siteground.com Inc., is a web hosting company, headquartered in Panama. The company's website identifies the address of attorney David Snead at P.O. Box 48010, Washington, D.C., 20002, as its legal address in the United States. Siteground.com formerly hosted Air-Scoop.com. (*Id.* at ¶ 3).

8. eNom, Incorporated, is a web hosting company incorporated in Nevada and registered to do business in Washington. From January 3, 2014, enom.com, which is operated by eNom, Incorporated, hosted Air-scoop.com. (*Id.* at ¶ 4).

9. On or about September 18, 2012, Ryanair filed suit against Global Wings, Air-Scoop.com and Joachim Kleinert in Dublin Circuit Court in Ireland. The suit stems from a report on Air-Scoop.com containing false information about Ryanair's safety and maintenance record. The action is styled *Ryanair Limited v. Global Wings Publications LLC T/A Air-Scoop.com and Joachim Kleinert,* Record No: 2012/07907. (Moynihan Decl., at ¶ 5).

10. Global Wings, Air-Scoop.com and Joachim Kleinert failed to appear in the action, despite multiple attempts to serve them and provide them with notice of the ongoing suit. (*Id.* at ¶ 6). The Irish judicial system is similar to the US judicial

system as far as rigorous service requirements. The court ultimately granted an order for service by electronic mail on Air-Scoop.com and by registered post to Mr. Snead, who represents Siteground.Com in the District of Columbia, as Mr. Snead agreed to pass on documents to Mr. Kleinert and Global Wings. (*Id.*; *See* Exhibit D, Order of the Dublin Circuit Court; Exhibit E, relevant excerpt from the Dublin Circuit Court Docket).  Noting their failure to appear, on November 6, 2013 the Dublin Circuit Court entered a default judgment in favor of Ryanair in the amount of €40,000 for damages resulting from the publication of the false report, €10,000 for aggravated damages and awarding the company costs.   (*See* Exhibit F, Judgment).   Ryanair now seeks to effectuate the judgment, but must locate Mr. Kleinert and Global Wings.

11. Air-Scoop.com, which is owned by Mr. Kleinert and his company Global Wings, is hosted by eNom Incorporated, located in Washington state. (*See* Exhibit C, domain registry information for Air-Scoop.com).   The United States District Court, Western District of Washington entered an order granting Ryanair's request to serve a subpoena on eNom in order to ascertain information regarding the whereabouts of Mr. Kleinert.  Declaration of Shelley Hurwitz ("Hurwitz Decl.) at ¶2. On or about August 6, 2014, eNom responded to that subpoena and provided certain information regarding the domain Air-Scoop.com, including that it reported contact information at the following email address: Antoine.viollet@airscoop.com. *Id.*

12. Rynair has conducted further investigation, and has located some information pertinent to Air-Scoop.com and Mr. Kleinert on LinkedIn:

13. First, Ryanair has determined that Air-Scoop maintains a LinkedIn account.  Hurwitz Decl., ¶3, Exh. 1.

14. Second, there are two individuals named Antoine Viollett on LinkedIn: one is in Egypt (and is the most viewed person on the Air Scoop profile) and the other is in France. Hurwitz Decl., ¶4, Exh. 2. Ryanair is cautious not to pursue the

wrong individual and thus wishes to obtain a subpoena for information relating to these two individuals in order to ensure that it pursues the correct person.

15. Ryanair thus seeks to serve a subpoena on LinkedIn in order to ascertain any identifying information it has for the user of the Air-Scoop profile, and for the two individuals who list their names as Antoine Viollet. Specifically, Ryanair understands that LinkedIn maintains the ISP addresses for postings by users. If the ISP address of one of the Antoine Viollet user profiles matches the ISP information Ryanair has obtained on Air-Scoop, then Rynair will be able to ensure that it is pursuing the correct individual.

16. As a result, Ryanair seeks an Order authorizing it to serve the subpoena attached to the [Proposed] Order filed herewith as Exhibit 1 requesting that information from LinkedIn.

17. District courts are authorized under 28 U.S.C. § 1782 to order discovery in the United States, such as that sought by Ryanair here, for use in foreign proceedings. Under the statute, applicants must meet three requirements:

(1) the person from whom the discovery is sought must either "reside" or be "found" in the district where the action is being filed;

(2) the discovery sought must be "for use in a proceeding in a foreign or international tribunal"; and

(3) the applicant must be an "interested person."

28 U.S.C. § 1782; *In re Veiga*, 746 F.Supp.2d 8, 17 (D.D.C. 2010).

18. The application filed by Ryanair meets all of these requirements. First, LinkedIn is located in Mountainview, California, within the Northern District of California. LinkedIn is therefore "found" in this judicial district as required by 28 U.S.C. § 1782(a). Second, the information Ryanair seeks is for use in a civil matter in the Dublin Circuit Court, in Ireland, which is indisputably a proceeding before a foreign tribunal, as required by the statute. *See In re Clerici*, 481 F.3d 1324, 1333

(11th Cir. 2007) (holding that the term "proceeding" as used in 28 U.S.C. § 1782(a) included postjudgment proceedings for discovery of judgment debtor's assets). Third, as the plaintiff in the proceeding before the Dublin Circuit Court, Ryanair qualifies as an "interested party" for purposes of seeking this subpoena. *See Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." (alteration in original)).

19. Once the statutory requirements of 28 U.S.C. § 1782(a) are met, as they are in this case, the district court is called upon to exercise its discretion in allowing the requested evidence be taken. *Intel,* 542 U.S. at 264. *See also In re Veiga*, 746 F.Supp.2d at 17.  To aid the district courts in this determination, the United States Supreme Court has enumerated four factors the court may consider, including:

(1) Whether the person from whom the discovery is being sought is a participant in the foreign proceeding;

(2) The nature and receptivity of the foreign proceeding and the character of the proceedings;

(3) Whether the request is an attempt to circumvent foreign proof gathering limitations; and

(4) Whether the discovery sought is unduly burdensome.

*Intel,* 542 U.S. at 264-65.

20. In this case, the four factors militate in favor of granting Ryanair's application. First, LinkedIn is not a party to the civil proceedings in Ireland, and its evidence is therefore unavailable in that proceeding without this Court's assistance. *Intel,* 542 U.S. at 264 (recognizing that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Second, the nature and character of the proceedings in Ireland warrants the court's assistance. *See In re Roebers*, C12-80145 MISC RS LB, 2012 WL 2862122, at *3 (N.D. Cal.

July 11, 2012) (recognizing the prior receptivity of Irish courts to discovery acquired with the assistance of American courts); *In re Veiga*, 746 F.Supp.2d at 24 ("There being no authoritative proof that the [foreign tribunal] would reject the discovery sought, this factor also weigh in favor of granting the Applications."). Third, the application is not an attempt to circumvent proof-gathering restriction in the foreign proceedings, but rather a good-faith effort to secure relevant evidence that is beyond the jurisdiction of the Dublin Circuit Court in this case. (*Id.* at ¶¶ 5-6). Finally, the discovery requests are not unduly intrusive or burdensome, as Ryanair seeks only that information necessary to locate Mr. Kleinert and seek enforcement of the judgment before the appropriate tribunal. Moreover, the information is not only within the possession, custody and control of LinkedIn, but it is also electronically stored and, therefore, easily retrievable. As a result, it will not be unduly burdensome to respond to Ryanair's subpoena. *See In re Veiga*, 746 F.Supp.2d at 26 (ordering discovery of electronically stored information accessible from within the District of Columbia.).

21. For these reasons, Ryanair respectfully requests that the Court issue an Order authorizing Ryanair to serve the subpoena attached as Exhibit 1 to the [Proposed] Order filed herewith.

Dated:       October 20, 2014

                                        HOLLAND & KNIGHT LLP


                                        By: /s Shelley Hurwitz
                                            Shelley Hurwitz

                                        *Counsel for Ryanair Ltd.*