1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE REQUEST FOR SUBPOENA BY
RYANAIR LIMITED

        Applicant.

)
)
)
)
)
)
)
)
)
)
)

Case No.: 5:14-mc-80270-BLF-PSG

**ORDER GRANTING APPLICATION
TO ISSUE A SUBPOENA FOR THE
PRODUCTION OF DOCUMENTS
FOR USE IN A FOREIGN
PROCEEDING**

**(Re Docket No. 7)**

        Ryanair Limited has applied to this court for an order to obtain discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782(a).  Ryanair seeks an order authorizing a subpoena to Mountain View-based LinkedIn Corporation for documents to be used in connection with a lawsuit adjudicated in the Dublin Circuit Court in Ireland.  Ryanair alleged that a report was published on Air-Scoop.com containing false information about Ryanair's safety and maintenance record.  Defendants Global Wings LLC, Air-Scoop.com and Joachim Kleinert—owner of Global Wings— failed to appear in the action, resulting in an entry of default judgment in favor of Ryanair.[1]

---

[1] *See* Docket No. 7 at 2-3.

United States District Court
For the Northern District of California

Ryanair seeks "identifying information [LinkedIn] has for the use of the Air-Scoop profile, and for the two individuals who list their names as Antoine Viollet."[2]  Antoine Viollet is relevant because he is the "most viewed person on the Air Scoop profile"—suggesting a link between himself and the company.[3]  Ryanair asserts that LinkedIn can provide the ISP addresses for postings by users.[4]  "If the ISP address of one of the Antoine Viollet user profiles matches the ISP information Ryanair has obtained on Air-Scoop," then Ryanair can ensure that it is in pursuit of the proper individual.[5]

## I. LEGAL STANDARD

"A district court may grant an application pursuant to 28 U.S.C. § 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person."[6] However, simply because a court has the authority under Section 1782 to grant an application does not mean that it is required to do so.[7]  The Supreme Court has identified several factors that a court should take into consideration in ruling on a Section 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent

---

[2] *Id.* at 4.

[3] *Id.* at 3.

[4] *See id*. at 4.

[5] *Id.*

[6] 28 U.S.C. § 1782(a); *see also In re Republic of Ecuador*, Case No. 3:10-80225-CRB-EMC, 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010).

[7] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

Case No.: 5:14-mc-80270-BLF-PSG
ORDER GRANTING APPLICATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF
DOCUMENTS FOR USE IN A FOREIGN PROCEEDING

foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.[8]

## II. DISCUSSION

### A.    Authority to Issue Subpoena

The court has reviewed Ryanair's application and has preliminarily determined that the statutory requirements have been satisfied.  First, LinkedIn is located in Mountain View, which is in this district.  Second, Ryanair represents that the discovery sought is for enforcement of a judgment issued by the Dublin Circuit Court in Ireland, which is undisputedly a "proceeding before a foreign or international tribunal" under Section 1782(a).[9]  Finally, there can be no real dispute that Ryanair qualifies as an interested person because it is the party in whose favor the Dublin Circuit Court entered judgment.[10]

### B.    Discretionary Factors

#### 1.    Jurisdictional Reach of Foreign Tribunal

The Supreme Court has noted that,

[w]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.  A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.  In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.[11]

---

[8] *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (citing *Intel*, 542 U.S. at 264-65).

[9] *See* Docket No. 7 at 6; 28 U.S.C. § 1782(a).

[10] *See Intel*, 542 U.S. at 256 (stating that an interested person under Section 1782 "plainly reaches beyond the universe of persons designated 'litigant,'" although there is no doubt that "litigants are included among, and may be the most common example").

[11] *Id.* at 264.

Case No.: 5:14-mc-80270-BLF-PSG
ORDER GRANTING APPLICATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

In the instant case, LinkedIn is not a party in the foreign proceeding.  Further, LinkedIn is not a company resident in Ireland and, the requested information therefore does not appear to be within the immediate reach of the Dublin Circuit Court.  This factor weighs in Ryanair's favor.

### 2.    Nature and Receptivity of Foreign Tribunal

Under the second discretionary *Intel* factor, district courts are encouraged to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance."[12]  Ryanair argues that there is no authority suggesting the Irish government would be hostile to or otherwise reject discovery obtained through a Section 1782 subpoena.[13]  Ryanair further argues that the Dublin Court would be receptive to the evidence because of how critical it is to enforce the court's judgment against Global Wings.[14]  This factor also weighs in Ryanair's favor.

### 3.    Attempt to Circumvent Foreign Proof-Gathering Restrictions and Policies

Although Section 1782 does not require the documents sought to be discoverable in the foreign courts, a district court may consider whether an applicant seeks in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."[15]  Here, Ryanair represents that the subpoena application is "a good-faith effort to secure relevant evidence that is beyond the jurisdiction of the Dublin Circuit Court."[16]  The court finds this factor to be neutral.

---

[12] *Id.*

[13] *See* Docket No. 7 at 6.

[14] *See id.*

[15] *Intel*, 542 U.S. at 260-63, 265.

[16] *See* Docket No. 7 at 6.

Case No.: 5:14-mc-80270-BLF-PSG
ORDER GRANTING APPLICATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING

**4.     Undue Intrusion or Burden**

Ryanair seeks information necessary to locate Kleinert in order to seek enforcement of the Dublin Court's judgment.[17]  Ryanair does not seek information related to the content of LinkedIn profiles themselves.[18]  Finally, Ryanair argues that the information is within the possession, custody and control of LinkedIn and is electronically stored, making it easily retrievable.[19]  This request does not appear to be unduly intrusive or burdensome, so this factor weighs in Ryanair's favor.

### III. CONCLUSION

Ryanair's application is GRANTED.  Ryanair may serve the subpoena attached to its application,[20] without prejudice to any motion to quash that LinkedIn or any other appropriate party may wish to file.


**IT IS SO ORDERED.**

Dated: October 31, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[17] *See id.*

[18] *See id.*

[19] *See id.*

[20] *See* Docket No. 8-1.

Case No.: 5:14-mc-80270-BLF-PSG
ORDER GRANTING APPLICATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF
DOCUMENTS FOR USE IN A FOREIGN PROCEEDING